OPINION
Appellant Donald Baringer appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator." The following facts give rise to this appeal.
On June 13, 2000, the Stark County Grand Jury indicted appellant charging him with four counts of corrupting another with drugs, one count of corruption of a minor and one count of contributing to the unruliness of delinquency of a child. At his arraignment, appellant entered a plea of not guilty to the above charges. However, on July 10, 2000, appellant withdrew his not guilty plea and entered a plea of guilty to the charges contained in the indictment. The trial court sentenced appellant to five consecutive twelve-month terms of incarceration, for the felonies, and a concurrent one hundred eighty-day term on the misdemeanor.
Immediately following the sentencing, the trial court proceeded with the sexual predator hearing. The state introduced appellant's confession to the police wherein he admitted to engaging in sexual conduct with teenage boys. Based on appellant's confession and other factors, the trial court found, by clear and convincing evidence, that appellant qualified as a "sexual predator."
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In his sole assignment of error, appellant contends the trial court's decision to classify him as a "sexual predator" is not supported by clear and convincing evidence, especially as it pertains to his likelihood to commit sexually oriented offenses in the future. We disagree.
In the case of State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, we reviewed this type of claim under a manifest weight of the evidence standard. In McIntyre, we found this to be the applicable standard of review as the Ohio Supreme Court, in the case ofState v. Cook (1998), 83 Ohio St.3d 404, addressed a similar challenge under a manifest weight standard of review. See Cook at 426. As explained in McIntyre, because R.C. Chapter 2950 is remedial in nature and not punitive, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus.
A "sexual predator" is statutorily defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The essential factors a trial court is to consider in determining whether a person should be classified a "sexual predator" are contained in R.C. 2950.09(B)(2). This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Pursuant to the above factors, at the sexual predator hearing, the trial court made the following findings based on the documentation presented. First, appellant admitted to having oral sex with at least three different individuals. Tr. July 10, 2000 at 16. Second, appellant admitted to transmitting photographs of children, over the Internet, and has e-mailed friends about his sexual experiences. Id. Third, the trial court noted appellant's age, fifty-three, and the age of the victims. Id. at 17. One of the victims was only thirteen-years-old. Id. The trial court stated that appellant should have understood that this type of behavior is totally unacceptable. Id. Fourth, appellant used marijuana to lure his victims. Id. Finally, the trial court also found it significant that appellant is not from Stark County. Appellant moved to Stark County and established a temporary residence so he could engage in sexual acts with young men. Id. at 19-20. Based on these factors, the trial court concluded that appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E).
Appellant challenges the trial court's alleged lack of finding that he was likely to re-offend. In addressing this argument, we agree with the Court of Appeals for Franklin County, which held:
 Defendant argues that evidence of past wrongdoing does not provide clear and convincing evidence of his proclivity to commit sexual offenses in the present. Although the court is essentially determining the offender's propensity to engage in future behavior at a sexual predator hearing, a trier of fact can look at past behavior as well, because past behavior is often an important indicator of future propensity. State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97AP06-858, unreported, discretionary appeal allowed (1998), 81 Ohio St.3d 1443 (citing Kansas v. Hendricks [1997], 521 U.S. 346, 117 S.Ct. 2072, 2080, 138 L.Ed.2d 501). Such predictions of future misconduct are "performed countless times each day throughout the American system of criminal justice." State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported, order certifying conflict accepted (1998), 81 Ohio St.3d 1514, 692 N.E.2d 619, and discretionary appeal not allowed (1998), 81 Ohio St.3d 1511, 692 N.E.2d 617 (citing Jurek v. Texas [1976], 428 U.S. 262, 274-75, 96 S.Ct. 2950, 49 L.E.2d 929). State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported, at 5.
Based on our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator." The trial court's conclusion is not against the manifest weight of the evidence.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Wise, J. Gwin, P.J., and Farmer, J., concur.